# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30526

In re:  VALERO REFINING - NEW ORLEANS, L.L.C.,

Petitioner

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2016

Lyle W. Cayce
Clerk

Petition for a Writ of Mandamus
to the Eastern District of Louisiana
USDC No. 2:15-CV-795

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:*

Pending before this court is a Petition for Writ of Mandamus by Valero Refining-New Orleans, L.L.C. ("Valero"), intervenor in the underlying personal injury action. In its Petition, Valero seeks to vacate the district court's order permitting an inspection to go forward at Valero's refinery, which Valero contends will be unduly risky and costly.

While the Petition was pending before this Court (indeed, before the briefing deadlines had passed), Valero filed a Motion to Dismiss this entire action for lack of subject matter jurisdiction. Specifically, Valero contends that its presence in this suit destroys complete diversity because both Valero and defendants in the underlying action, Circuit Breaker Sales Company, Inc. and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30526

Circuit Breaker Sales and Repair, Inc. (collectively "Circuit Breaker") are citizens of Texas. At the time Valero intervened, the citizenship of all parties was clearly set out in various pleadings, and Valero represented that its presence would not destroy diversity and that it was "authorized to do and doing business in the State of Louisiana." Only now, on appeal, does Valero claim that it is in fact a citizen of Texas, and that because there is no complete diversity under 28 U.S.C. § 1332, the entire action should be dismissed.

In response, the plaintiffs in the underlying action, Jeff Michael Gaudet and Michelle Paille Gaudet, essentially agree with Valero's jurisdictional contention and state that this matter must proceed in state court. Circuit Breaker disagrees, arguing that Valero is not an "indispensable party"; that its interests may be represented by its worker's compensation carrier without destroying diversity; that, in the alternative, we may exercise discretionary jurisdiction over Valero's intervention claims; that we should defer ruling until the district court rules on its pending Motion for Leave to Conduct Limited Jurisdictional Discovery; and that, in the event diversity jurisdiction is lacking, the proper response is dismissal without prejudice, not remand to the state court.

We cannot rule on the Petition for Writ of Mandamus without jurisdiction, but we are not equipped to rule on the jurisdictional motion without additional information. The district court is in a better position to resolve the jurisdictional question in the first instance, particularly because Circuit Breaker's Motion for Leave to Conduct Limited Jurisdictional Discovery is already before it.

2

No. 16-30526

Accordingly, we REMAND this matter in full to the district court for a jurisdictional determination. If jurisdiction is found to exist, Valero may re-file its Petition for Writ of Mandamus before this Court. All pending motions, including Valero's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Valero's Motion for Leave to Submit Evidence Quoted in Response Brief, are DENIED AS MOOT.

IT IS SO ORDERED.